# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Lawrence Dangerfield,
    Petitioner

vs                         Case No. C-1-01-539
                           (Spiegel, J.; Novotny, M.J.)

Mike Leonard,
    Respondent

## REPORT AND RECOMMENDATION

    Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ. (Docs. 1, 4).

### Procedural Background

    On October 30, 1998, the Hamilton County, Ohio grand jury indicted petitioner on one counts of felonious assault, as defined in Ohio Rev. Code § 2903.11(A)(2), two counts of failure to comply with an order or signal of police officer as defined in Ohio Rev. Code §2921.331 (B) and one count of driving under the influence as defined in Ohio Rev. Code § 4511.19 (A)(1). (Doc. 4, Ex. 1). On December 28, 1998, petitioner pled guilty to felonious assault, one count of failure to comply and driving under the influence. (Doc. 4, Ex. 2). The court sentenced

petitioner to concurrent terms of three years for felonious assault, one year for failure to comply and one year for driving under the influence. (*Id*.).

On May 24, 1999, petitioner filed a pro se petition to vacate or set aside sentence pursuant to Ohio Rev. Code §2953.21 asserting, among other claims, that: 1. counsel was ineffective for making representations to induce his guilty plea, 2. the trial court failed to comply with Ohio Rule of Criminal Procedure 11, 3. his sentence was illegal because it was based on "allied offenses of similar import with a single animus," and 4. his right to due process was violated when the state failed to administer a breath alcohol test. (Doc. 4, Ex. 10). On July 6, 1999, the trial court denied relief. (*See id.,* Ex. 12).

Petitioner filed a pro se appeal to the Ohio Court of Appeals raising the following assignments of error:

> 1. The trial court erred in the denial of petitioner's petition for post-conviction relief without an evidentiary hearing concerning the right of effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution guarantees a defendant the right to effective assistance of counsel.
>
> 2. The trial court's entry of denial deprived appellant his absolute right to procedural due process of law where allegations on their face alleged that the judgment was void and the court possessed jurisdiction to vacate or set aside a void judgment.
>
> 3. The appellant['s] guilty plea was not knowingly and voluntarily made since the court did not sufficiently explain to the appellant the rights he was waiving by entering his guilty plea and because the court did not substantially comply with Crim. R. 11.
>
> 4. The trial court erred regarding the appellant's rights under the Due Process Clause of the Fourteenth Amendment.
>
> 5. The trial court erred in the denial of the appellant the alcohol-breath content test prescribed by R.C. 214511.19(A)(3).

> 6. Prosecutorial misconduct involving multiple offenses under the Ohio Revised Code § 2941.25(A).
>
> 7. The trial court erred where the record does not disclose that the issue of competent counsel has been adjudicated.

(Doc. 4, Ex. 14). On February 9, 2000, the Ohio Court of Appeals affirmed the trial court's denial of post-conviction relief. (Doc. 4, Ex. 12). The appellate court ruled that six of petitioner's assignments of error were barred by the doctrine of *res judicata* because they could have been raised on direct appeal. (*Id.*). The court further concluded that petitioner's claim that counsel was ineffective because he made representations that induced his plea was not supported by evidence showing that the guilty plea was coerced or induced by false promises. (*Id.*). Petitioner did not pursue an appeal to the Ohio Supreme Court.

On March 16, 2000, petitioner filed a pro se motion for a delayed appeal to the Ohio Court of Appeals, First Appellate District, challenging his conviction and sentence. (Doc. 4, Exs. 3, 4). Petitioner raised the following assignments of error which are quoted verbatim:

> 1. Ineffective assistance of trial counsel.
>
> 2. Guilty Plea was invalid.
>
> 3. U.S. Const. Amends 5, 6, 14; was violated at trial.
>
> 4. Crime Rule 11 was improperly omitted.
>
> 5. Allied offense was violated under Ohio Revised Code §2941.25.
>
> 6. Due Process violation under Sentencing on Multiple Counts.
>
> 7. Violation of Ohio Revised Code §4511.19, the right of the accused to the Breathalyzer test ampoule or blood test, horizontal gaze nystagmus test RC §4511.19(A)(1), RC §4511.19(A)(2), or 3,4.
>
> 8. §2903.11 violation where there was no evidence of an assault or attempt assault prosecution misconduct.

9. The defendant-appellant has a right to effective assistance of counsel when he alleges that he has been rendered the act of ineffective assistance of trial counsel.

10. The defendant-appellant's plea was coerced and induced.

(Doc. 4, Exs. 3, 4). On February 9, 2000, the Ohio Court of Appeals overruled petitioner's motion for a delayed appeal because he had failed "to provide sufficient reasons for failure to perfect a timely appeal as of right." (Doc. 4, Ex. 6).

Petitioner further appealed his conviction and sentence to the Ohio Supreme Court, presenting the following propositions of law:

1. The court erred in failing to appoint counsel for indigent prisoner.

2. The court erred by failing to appoint counsel to an indigent prisoner appealing a felony conviction wherefore not to appoint counsel does violate defendant-appellant's rights to due process.

3. The court erred in not following the dictates of Criminal Rule 44(A), Criminal Rule 32(A)(2).

4. The Court erred where it deprived the defendant of his only opportunity to appointment by his impucunious condition counsel for his appeal pursuant and provided for under O.R.C. §2953.05.

5. The defendant-appellant claims ineffective assistance of trial counsel a violation of his Sixth and Fourteenth Amendment to the Constitution Section 10, I.

6. The Defendant-Appellant claims a Violation of Crim. R. 11(C)(2)(C) involving his Plea Bargain Agreement with the State of Ohio.

7. The Defendant-Appellant claims Misconduct of the Prosecution involving the Charged Offenses Pursuant and Provided for Under the Multiple Offense Statute O.R.C. §2941.25(A).

8. The Defendant-Appellant claims a Direct Violation of his Due

>    Process Right Rendered by his Defense Counsel Provided for and Pursuant to the Sixth and Fourteenth Amendments to the Constitution of the United States and the State of Ohio.
>
>    9. The Court Erred where it allowed Defendant's Prior Uncounseled Convictions of OMVI to enhance the Penalty for a subsequent Violation.
>
>    10. The Defendant-Appellant argues the Constitutionality where he was not given ever the Breath-Alcohol Content Test thereby prescribed by R.C. §4511.19(A)(3) denying the accused due process.

(Doc. 4, Ex. 7, 8). On September 6, 2000, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed petitioner's appeal as not involving any substantial constitutional question. (Doc. 4, Ex. 9).

Petitioner filed the instant petition for a writ of habeas corpus raising the following grounds for relief and supporting facts which are quoted verbatim:

>    Ground one: Ineffective assistance of counsel
>
>    >    Supporting facts: Counsel failed to protect Petitioner's rights by; not determining if the alleged indictment was supported with any evidence. Counsel let a probation violation cloud judgment and performance. Petitioner did not knowingly and intelligently plead guilty with sufficient awareness of relevant circumstances.
>
>    Ground two: Violation of Criminal Rule 11(C)(2)(C)
>
>    >    Supporting facts: The transcript of proceedings show operative facts that are clear and concise.
>
>    Ground three: The constitutionality where a defendant is not given a breath-alcohol content test O.R.C. 4511.19(A)(3).
>
>    >    Supporting facts: The States attorney had no evidence to support the charge. No test was administered by law

enforcement officers.

Ground four: The Constitutionality of multiple offense statute O.R.C. 2941.25(B).

Supporting facts: The transcript of proceedings clearly support Petitioner's position as a single animus and allied offenses.

(Doc. 1, p. 5-6).

In his return of writ, respondent argues that petitioner's claims are time-barred under the one year statute of limitations pursuant to 28 U.S.C. § 2244(D).[1] Alternatively, respondent argues that petitioner has waived all his grounds for relief by committing a procedural default in state court, that petitioner has waived his third and fourth grounds for relief by entering a guilty plea, that petitioner's claims asserted as grounds two and three are not cognizable as state law issues and that, in any event, petitioner's claims lack merit. (Doc. 4).

## OPINION

### I. Petitioner's ineffective assistance of trial counsel claims, asserted in his first ground for relief, are waived due to a procedural default

As his first ground for relief, petitioner asserts that his trial counsel provided constitutionally ineffective assistance for these reasons: 1. counsel failed to determine if the indictment was supported by evidence; 2. counsel allowed petitioner's probation violation affect his judgment and performance; 3. counsel's advice caused petitioner to plead guilty unknowingly and unintelligently.[2]

---

[1] The United States Court of Appeals for the Sixth Circuit issued decisions near or after the time that respondent filed his return of writ which respondent does not cite and which make respondent's statute of limitations defense questionable under the circumstances of this case. *See e.g. Abela v. Martin,* ___F.3d___, No. 00-2430, 2003 WL 22398701 (6th Cir. Oct. 22, 2003); *Searcy v. Carter,* 246 F.3d 515 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001). Accordingly, this Court declines to address respondent's untimeliness defense.

[2] To the extent that petitioner intended to assert that his plea was involuntary and unknowing, as opposed to a claim of attorney error precipitating a deficient plea, the former claim has been

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). A habeas corpus petitioner must present both the factual and legal underpinnings of his claim to the state courts for the claim to be deemed "fairly presented." *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This requirement means that the petitioner must present his claim to the state courts as a federal constitutional issue and not merely as an issue arising under state law. *Id.* (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987). A claim will be considered "fairly presented," even without citation to chapter and verse of the Constitution, if the presentation of the claim was "likely to alert the court to the claim's federal nature." *Nadworny v. Fair,* 872 F.2d 1093, 1097 (1st Cir. 1989) (quoting *Daye v. Attorney General of New York,* 696 F.2d 186, 192 (2d Cir. 1982) (en banc)).

The Ohio Supreme Court will not consider issues that a defendant fails to present to the Court of Appeals. *See State v. Williams,* 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other grounds,* 438 U.S. 911 (1978); *State v. Phillips,* 272 N.E.2d 347, 352 (Ohio 1971); *State v. Jones,* 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied,* 383 U.S. 918, 951 (1966). The Ohio Constitution limits the Ohio Supreme Court's appellate jurisdiction to appeals from the Ohio Court of Appeals. Ohio Const. art IV, § 2(B)(2); *see Jones,* 211 N.E.2d at 199. The Ohio Supreme Court, therefore, lacks jurisdiction to consider constitutional claims that petitioner failed to raise in the Ohio Court of Appeals. *See id.; see also Leroy v. Marshall,* 757 F.2d 94, 99 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983).

If petitioner fails to fairly present his claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of

---

addressed on the merits in section II, *infra.*

petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. In order to obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

In this case, petitioner committed a procedural default with respect to the ineffective assistance of trial counsel claims based on counsel's failing to evaluate his indictment and to remain uninfluenced by petitioner's probation violation. Although petitioner raised a general claim of ineffective assistance of trial counsel in his motion for a delayed appeal, he failed to provide the specific factual basis for his claim. *Cf. Duncan v. Henry,* 513 U.S. 364, 365-66 (1995); *McMeans v. Brigano,* 228 F.3d 674, 687 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Pillett v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (fair presentation requires that "the same claim under the same theory be presented to state courts" and presentation to state courts of ineffective assistance of

counsel claim on the basis of different attorney errors insufficient). He did not alert the state court that he was challenging counsel's inadequacy for the reasons that counsel failed to review the indictment and because petitioner's probation violation affected his legal advice. Accordingly, petitioner failed to fairly present these claims to the state courts, and has waived these claims for purposes of federal habeas corpus review.

While petitioner asserted during his post-conviction proceedings that his counsel induced his plea, making it unknowing and involuntary, he failed to pursue that claim by filing an appeal to the Ohio Supreme Court. On his direct appeal in the Ohio Supreme Court petitioner asserted that his counsel was ineffective for making representations to induce his plea, but he failed to assert the claim in the Ohio Court of Appeals on direct appeal. The Ohio Supreme Court will not consider constitutional issues that a defendant fails to present to the Ohio Court of Appeals. Petitioner has waived this claim for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct the alleged constitutional errors. *See Leroy,* 757 F.2d at 99; *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

Petitioner has not provided any justification for his procedural defaults nor has he demonstrated that he is actually innocent of the crimes. During his plea proceeding, petitioner conceded that he was guilty. (Doc. 4, Ex. 19, Tr. 13).

Accordingly, petitioner has waived his ineffective assistance of trial counsel claims, asserted in petitioner's first ground for relief, precluding this Court's consideration of the claims.

### II. Petitioner's second ground for relief asserting a violation of Ohio Rule of Criminal Procedure 11(C)(2)(c) is non-cognizable as a state law issue, and to the extent that petitioner is challenging the voluntariness of his plea, his claim lacks merit.

As his fourth ground for relief, petitioner asserts that at the taking of his plea, the trial court failed to inform him of the rights he was waiving by entering a guilty plea as required by Ohio Rule of Criminal Procedure 11(C)(2)(c). Rule 11(C)(2)(c) provides that in a felony case, the trial court may not accept a plea of guilty without first addressing the defendant personally, and:

Informing the defendant and determining that the defendant understands that

by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

A federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.), *cert. denied,* 488 U.S. 866 (1988). To the extent that petitioner argues that the trial court erred in failing to inform him of the rights he was waiving by entering a guilty plea in violation of state law, he fails to assert a constitutional deprivation. Because petitioner's claim involves alleged errors under state law, it is not cognizable in a federal habeas corpus proceeding. *See Sneed v. Donahue,* 993 F.2d 1239, 1244 (6th Cir. 1993).

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to comply with the Due Process Clause. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents the voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of the circumstances surrounding the plea. *Brady v. United States,* 397 U.S. 742, 749 (1970).

The prosecutor described the incident leading up to petitioner's charges as follows:

The defendant was stopped for 74 in a 55-mile-per-hour zone on northbound 75. He finally pulled over on the exit ramp of 75 to the entrance ramp of westbound 74. Pulled over to stop. And when he pulled over to stop, the police officers came up to get his license and information, and the defendant leaned in towards the passenger seat side. The officer leaned his head in to see maybe if he was going for some sort of a weapon or something. The defendant hit the gas and swerved left, striking the officer and knocking him out into oncoming traffic.

(Doc. 4, Ex. 19, Tr. 11-12). During the plea proceeding, the trial judge questioned

10

petitioner as to whether any promises were made to him or whether he was threatened in order to induce his plea and petitioner answered no. (Doc. 4, Ex. 19, Tr. 3). Petitioner acknowledged that he understood that he was giving up his right to a trial by jury where a determination would by made of his guilt beyond a reasonable doubt, his right to confront adverse witnesses and his right to subpoena witnesses on his behalf. (*Id.,* Tr. 4, 9). The judge explained to petitioner the penalties involved for each offense charged, including the minimum and maximum sentences petitioner could receive and the prospect of parole upon his release (*Id.*, Tr. 5-8). On the felonious assault charge alone, petitioner was advised that he could be sentenced up to ten years in prison. (*Id.,* Tr. 5). Petitioner acknowledged his understanding of this information, as well. (*Id.*). The judge further ensured that petitioner was of sufficient age (thirty-four) and had an adequate education (twelfth grade) to understand the proceedings and had competent reading skills to understand the guilty plea form he had signed. (*Id.*, Tr. 4-5). In exchange for his guilty plea, the state agreed to dismiss one of the counts of failure to comply with an order or signal of police officer (*id.,* Tr. 5) and to recommend a sentence of three years (*id.,* Tr. 2-3). Considering the circumstances surrounding the plea as contained in the state court record, this Court concludes that petitioner entered the plea knowingly and voluntarily.

Accordingly, petitioner is not entitled to habeas corpus relief with respect to his second ground for relief alleged in the petition.

### III. Petitioner waived his third ground for relief challenging the sufficiency of evidence by committing a procedural default in state court and by entering a guilty plea.

In his third ground for relief, petitioner asserts that there was insufficient evidence to support a charge of driving under the influence because the police failed to administer a breath alcohol test.

Before reaching the merits of petitioner's claim, this Court must determine whether petitioner fairly presented his claim to the state courts. A set of four guidelines has been developed for determining whether a claim was presented in such a way as to apprise the court of the claim's federal nature. *Nadworny*, 872 F.2d at 1097. Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

11

*Franklin,* 811 F.2d at 326 (quoting *Daye,* 696 F.2d at 193-94). The use of a "generalized catch-all phrase," which merely alleges the deprivation of a fair trial under the United States Constitution, does not adequately apprise the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Id.* General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of a specific federal constitutional claim in the absence of citation to case law employing federal constitutional analysis. *Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2d Cir. 1984).

In this case, petitioner failed to present his claim that there was insufficient evidence to support a DUI charge in the absence of a breath alcohol test to the Ohio Court of Appeals in his direct appeal as a constitutional issue. Petitioner described the issue as follows: "Violation of Ohio Revised Code §4511.19, the right of the accused to Breathalyzer test ampoule or blood test, horizontal gaze nystagmus test RC §4511.19 (A)(1), RD §4511.19(A)(2), or 3,4." (Doc. 4, Ex. 4 at 4). This language fails to apprise the Ohio court of the constitutional nature of the claim, instead indicating that petitioner is alleging an error in state law. Petitioner presented this claim to the Ohio Supreme Court on direct appeal as a constitutional issue, but that Court would not have considered petitioner's claim, because the Ohio Supreme Court will not consider constitutional issues that a defendant fails to present to the Ohio Court of Appeals. Although petitioner couched his claim in due process terms in his appeal to the Ohio Court of Appeals during his post-conviction proceedings (Doc. 4, Ex. 14 at 5), he failed to pursue an appeal to the Ohio Supreme Court. Petitioner has waived his claim for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct the alleged constitutional errors. *See Leroy,* 757 F.2d at 99; *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

This Court may not consider petitioner's claims unless he shows cause for the default and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner has not provided any justification for his procedural default or demonstrated that he is innocent of the offenses of which he was convicted.

Accordingly, due to procedural defaults in the state courts, petitioner has waived his sufficiency of evidence claim for purposes of habeas corpus review. Petitioner has waived the claim for yet another reason.

A defendant who pleads guilty generally cannot later raise independent claims of constitutional violations. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970); *Campbell v. Marshall,* 769 F.2d 314, 318-19 (6th Cir. 1985), *cert. denied,* 475 U.S. 1048 (1986). By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991). A challenge to the sufficiency of the government's evidence is a non-jurisdictional collateral attack against the conviction. *United States v. Bahhur,* 200 F.3d 917, 923 (6th Cir. 2000); *see United States v. Hawkins*, 8 Fed.Appx. 332, 334, 2001 WL 278196, at **1 (6th Cir. March 16, 2001); *Williamson v. United States,* No. 96-2248, 2000 WL 222593, at **2 (6th Cir. Feb. 15, 2000).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett,* 411 U.S. at 267. Rather, he may only seek to attack the validity of his guilty plea by showing that under the circumstances, his guilty plea was not intelligently and voluntarily entered. *Id.*; *see also Campbell,* 769 F.2d at 315.

Because petitioner entered a constitutionally valid plea of guilty, he has waived the right to challenge his conviction based on the sufficiency of evidence.

Accordingly, petitioner is not entitled to habeas corpus relief with respect to his third ground for relief.

## IV. Petitioner waived his fourth ground for relief by committing a procedural default in state court.

As his fourth ground for relief, petitioner appears to assert that he was deprived of his constitutional rights when the state court convicted and sentenced him for three offenses which were allied offenses with a single animus pursuant to Ohio Rev. Code § 2941.25(B).[3]

---

[3]Section 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

13

Before reaching the merits of this claim, this Court must examine whether petitioner fairly presented this claim to the state courts. In his motion for a direct delayed appeal to the Ohio Court of Appeals, petitioner alleged as error: "Allied offense was violated under Ohio Revised Code §2941.25" and "Due Process violation under Sentencing on Multiple Counts." (Doc. 4, Ex. 4 at 4). Petitioner did not cite to any cases employing federal constitutional analysis. The single reference to due process is insufficient to alert the state court to the specific federal constitutional claim. *Petrucelli,* 753 F.2d at 688-89. In his brief to the Ohio Supreme Court on direct appeal, petitioner relied on Ohio Rev. Code § 2941.25, the statutory provision regarding multiple offenses of similar import, and Ohio decisions involving state law. (Doc. 4, Ex. 8 at 9). Petitioner did not cite to federal cases and the state cases he cited did not rely on federal constitutional analysis. Accordingly, on direct appeal petitioner failed to present his claim to the Ohio courts as a constitutional issue.

Although petitioner couched his claim as a Double Jeopardy issue in his appeal to the Ohio Court of Appeals during his post-conviction proceedings (Doc. 4, Ex. 14 at 6), he failed to pursue an appeal to the Ohio Supreme Court. He has waived the claim for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct the alleged constitutional errors. *Leroy v. Marshall,* 757 F.2d 94, 99 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986); *cf. O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).

Petitioner has not shown cause or prejudice to excuse his procedural defaults, nor does the record support a finding that this is an extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime for which he was convicted. *Murray,* 477 U.S. at 496. Petitioner has, therefore, not demonstrated that failure to address the claim will result in a fundamental miscarriage of justice.

Accordingly, petitioner's fourth ground for relief should be dismissed as waived.

---

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

14

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the dismissal on procedural default grounds of petitioner's first, third and fourth grounds for relief because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims.[4] A certificate of appealability also should not issue with respect to petitioner's second ground for relief because for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether this claim should have been resolved in a different manner or that the issue presented was "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323-324 (2003) (quoting *Slack,* 529 U.S. at 483-84) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: _____          /Susan M. Novotny_____
     hr                        Susan M. Novotny

---

[4] Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether grounds one, three and four state valid constitutional claims. *See Slack,* 529 U.S. at 484.

<div style="float:right">United States Magistrate Judge</div>

P:\JS\Law Clerk filings\01-539wiaver.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Lawrence Dangerfield,
    Petitioner

vs                                  Case No. C-1-01-539
                                        (Spiegel, J.; Novotny, M.J.)

Mike Leonard,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Susan M. Novotny, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).