UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE DANGERFIELD,         :    NO. 1:01-CV-00539
                              :
                              :
        Petitioner,            :
                              :    **ORDER**
    v.                         :
                              :
                              :
MIKE LEONARD,                 :
                              :
                              :
        Respondent.            :

This matter is before the Court on the Magistrate Judge's November 10, 2003 Report and Recommendation (doc. 7). No objection has been filed.

Petitioner is currently in state custody at the Chillicothe Correctional Institution, in Chillicothe, Ohio, having pled guilty on December 28, 1998, to felonious assault, one count of failure to comply, and driving under the influence (doc. 7). The trial court sentenced Petitioner to concurrent terms of three years for felonious assault, one year for failure to comply, and one year for driving under the influence (Id.). On October 9, 2001, Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on the grounds that (1) he had received ineffective assistance of counsel, (2) the trial court failed to inform him of the rights he was waiving by entering a guilty plea, (3) there was insufficient evidence to support a charge of driving under the

influence, and (4) he was deprived of his constitutional rights when he was sentenced for three allied offenses with a single animus pursuant to Ohio Rev. Code § 2941.25 (doc. 1).

On November 10, 2003, after a thorough review of the facts and the law, the Magistrate Judge issued a Report and Recommendation that Petitioner's petition for a writ of habeas corpus be denied with prejudice (doc. 9). The Magistrate Judge found that Petitioner's ineffective assistance of trial counsel claims are waived due to a procedural default (Id.). Although Petitioner raised a general claim of ineffective assistance of counsel, he failed to provide the specific factual basis for his claim (Id.). Consequently, the Magistrate Judge reasoned, Petitioner failed to fairly present such claims to the state courts, and has waived them for purposes of federal habeas corpus review (Id.). Moreover, the Magistrate Judge concluded, Petitioner has not demonstrated that he is actually innocent of his crimes, but rather, actually conceded that he was guilty (Id.).

Next, the Magistrate Judge reviewed the record and found Petitioner's argument meritless that the trial court failed to inform him of the rights he was waiving by entering a guilty plea (Id.). In any event, the Magistrate Judge found that the assertion of a violation of Ohio Rule of Criminal Procedure 11(C)(2)(c) which mandates such advising, is non-cognizable because a federal court may not issue a writ on the basis of a perceived error of state law

(<u>Id</u>.).

Third, the Magistrate Judge found that Petitioner waived his claim challenging the sufficiency of the evidence by committing a procedural default in the state court and by entering a guilty plea (<u>Id</u>.). Similarly, the Magistrate Judge found due to procedural default, Petitioner waived his fourth ground for relief, that he was allegedly deprived of his constitutional rights when he was convicted and sentenced for three allied offenses with a single animus pursuant to Ohio Revised Code § 2941.25(B) (<u>Id</u>.).

Having reviewed this matter <u>de novo</u>, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is correct, thorough, and well-reasoned. The Court finds that none of the grounds asserted by Plaintiff merits habeas corpus relief.

Proper notice was provided to the Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that he would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. <u>See</u> <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).

The Court FINDS that a certificate of appealability should not issue with respect to the dismissal on procedural default grounds of Petitioner's first, third, and fourth grounds for relief because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required

under the first prong of the two-part standard enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims. A certificate of appealability also should not issue with respect to Petitioner's second ground for relief because for the foregoing reasons, Petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether this claim should have been resolved in a different manner or that the issue presented was "adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 323-24 (2003) (<u>quoting</u> <u>Slack</u>, 529 U.S. at 483-84)(<u>in turn quoting</u> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983).

With respect to any application by Petitioner to proceed on appeal <u>in forma pauperis</u>, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore the Court DENIES Petitioner leave to appeal <u>in forma pauperis</u>. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

In accordance with the above findings, the Court hereby ADOPTS the Magistrate Judge's report (doc. 7), and AFFIRMS the Magistrate Judge's recommended decision (<u>Id.</u>). The Court further DENIES Petitioner's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241 (doc. 1) with prejudice.

      SO ORDERED.

Date: December 10, 2003        <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge